**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4081**

———————

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

DONNIE FLYNN KING, SR.,

                    Defendant - Appellant.

———————

**No. 14-4082**

———————

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

LOU WELLS KING,

                    Defendant - Appellant.

———————

Appeals from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  Louise W. Flanagan,
District Judge. (5:12-cr-00373-FL-1; 5:12-cr-00373-FL-2)

———————

Submitted:  November 10, 2014      Decided:  November 13, 2014

———————

Before GREGORY, AGEE, and THACKER, Circuit Judges.

———————

Affirmed in part; dismissed in part by unpublished per curiam opinion.

---

R. Clarke Speaks, SPEAKS LAW FIRM, PC, Wilmington, North Carolina, for Appellants. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Shailika K. Shah, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM

Donnie King, Sr., ("Mr. King") and Lou Wells King ("Mrs. King) were sentenced to thirty-three months and fourteen months' imprisonment, respectively, for making materially false and fraudulent misrepresentations in relation to their Chapter 11 bankruptcy proceeding, in violation of 18 U.S.C. § 157(3) (2012). On appeal, the Kings contend that (1) the Government breached its plea agreements with the Kings by moving to be relieved of its obligations under the plea agreements; (2) the district court erred in permitting the Government to be relieved of its obligations under the plea agreements; (3) the Government committed prosecutorial misconduct by moving for relief from its obligations under the plea agreements; and (4) Mr. King's sentence was unreasonable. We affirm in part and dismiss in part.

First, because the Kings did not claim in the district court that the Government breached their plea agreements, our review is for plain error. United States v. Dawson, 587 F.3d 640, 645 (4th Cir. 2009). Under that standard, the Kings must show "(1) an error, (2) that is plain, (3) that affects the defendant's substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (citing Puckett v. United States, 556 U.S. 129, 133-34 (2009)).

3

We have reviewed the record and conclude that the Government did not breach its plea agreements with the Kings by moving to be relieved of its obligations under the agreements. In short, the Government was permitted to so move because the Kings committed a material breach of the plea agreements, as discussed below. We thus conclude that the Kings' claim of breach fails.

Second, we review the district court's ruling that the Kings breached their plea agreements under a bifurcated standard: the district court's factual findings are reviewed for clear error, while the court's application of principles of contract interpretation are reviewed de novo. United States v. Bowe, 257 F.3d 336, 342 (4th Cir. 2001). The parties only dispute whether the Kings' conduct constituted a material breach, a question of contract interpretation. Id. at 342-43.

We have reviewed the record and conclude that the Kings did breach their plea agreements. The Kings were required by the plea agreements to abide by any conditions of release before their sentencing. One such condition was that the Kings abide by federal law. The Kings subsequently filed a false tax return in violation of federal law. See 26 U.S.C. § 7206 (2012). We thus conclude that the district court did not err in holding that the Kings breached their plea agreements.

4

Third, because the Kings raise their claim of prosecutorial misconduct for the first time on appeal, we review it for plain error.  United States v. Alerre, 430 F.3d 681, 689 (4th Cir. 2005).  To succeed on this claim, the Kings must demonstrate "(1) that the prosecutors engaged in improper conduct, and (2) that such conduct prejudiced the [Kings'] substantial rights so as to deny [them] a fair trial."  Id.

We have reviewed the record and conclude that the Government engaged in no improper conduct.  Again, the Government was entitled to relief from the plea agreements because the Kings materially breached the terms of such agreements.  Therefore, the district court did not plainly err in rejecting the claim of prosecutorial misconduct.

Finally, in response to Mr. King's claim that his sentence was unreasonable, the Government invokes Mr. King's broad waiver of his right to appeal.  We assess de novo whether a defendant has effectively waived the right to appeal.  United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).  We will enforce an appeal waiver "if the waiver is valid and the issue sought to be appealed falls within the scope of the waiver."  United States v. Cohen, 459 F.3d 490, 494 (4th Cir. 2006).  An appellate waiver is generally considered to be knowing and intelligent, and therefore valid, where the court specifically questioned the defendant regarding the waiver during the Rule 11

colloquy and the record indicates that the defendant understood the significance of the waiver. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005).

We have reviewed the record and conclude that Mr. King waived his right to appeal the reasonableness of his sentence. Mr. King knowingly and intelligently agreed to the waiver provision, and this issue is within the scope of that waiver. Accordingly, to the extent Mr. King attempts to challenge his sentence, this appeal is dismissed. The Kings' motion to expedite decision is denied as moot.

Accordingly, we affirm the criminal judgment of Mrs. King, and we affirm in part and dismiss in part as to Mr. King. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART

6